STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

25-373

CHP LAFAYETTE INTERESTS, LLC

VERSUS

SOLOMAN'S REAL ESTATE, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20164619
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

**CANDYCE G. PERRET**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**R. Michael Moity, Jr.**
**The Moity Law Firm**
**340 Weeks Street**
**New Iberia, Louisiana 70560**
**(337) 365-5529**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Evan Edmondson**

**John A. Mouton, III**
**Attorney at Law**
**1200 Camellia Boulevard, Suite 204 (70508)**
**P. O. Box 82438**
**Lafayette, Louisiana 70598**
**(337) 988-6499**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **CHP Lafayette Interests, LLC**

**Charles A. Mouton**
**Jaret L. Foti**
**Mahtook & Lafleur, LLC**
**600 Jefferson Street, Suite 1000 (70501)**
**P. O. Box 3089**
**Lafayette, Louisiana 70502**
**(337) 266-2189**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **CHP Lafayette Interests, LLC**

**PERRET, Judge.**

Appellant, Evan Edmondson, appeals a trial court judgment that granted Appellee's, CHP Lafayette Interests, LLC's ("CHP"), motion for summary judgment and dismissing his January 5, 2022 petition to nullify a judgment rendered on July 1, 2020. CHP answered the appeal, alleging that the trial court committed legal error in overruling its peremptory exception of peremption that had been heard on April 11, 2022. CHP argues that "a nullity action is subject to a [peremptive] period of one year from the date of discovery of the judgment, and nothing can suspend the running of time, after the passage of which the cause of action is extinguished and quite simply no longer exists." For the following reasons, we affirm the trial court's judgment that granted CHP's motion for summary judgment and dismissed Mr. Edmondson's action with prejudice.

**FACTS AND PROCEDURAL HISTORY:**

Solomon's Real Estate, LLC ("Solomon's") is a limited liability company that was formed by Mr. Edmondson and Jeffery Penn in order to develop property located at 6500 Johnson Street, Lafayette, Louisiana. On February 2, 2016, Mr. Edmondson filed suit against Jeffery Penn, as a member of Solomon's, and against Jeffery Penn's wife, Chanda Penn, individually.

On August 31, 2016, CHP brought a petition for executory process against Solomon's, Jeffery Penn, individually, and Mr. Edmondson, individually, as a holder of two promissory notes executed by Solomon's in favor of MC Bank and Trust Company. CHP's petition for executory process alleged that both Mr. Edmondson and Jeffery Penn secured payment of any indebtedness by Solomon's arising under the promissory notes by virtue of a commercial guaranty. The commercial guaranty granted CHP as owner/holder of the promissory notes the contractual right to

accelerate any unpaid balance due under the notes, which occurred when the Solomon's defaulted under the notes. CHP then proceeded to a sheriff's sale of the property owned by Solomon's to collect on the principal amount due to CHP under the notes. Through its petition for executory process, CHP reserved the right to pursue Mr. Edmondson and Jeffrey Penn for any sums remaining due after the sheriff's sale.

On May 10, 2017, CHP filed a petition for deficiency judgment against Solomon's, Jeffrey Penn, and Mr. Edmondson, contending that the sheriff's sale proceeds were insufficient to cover the balance that allegedly remained in the amount of "$897,980.29, together with interest which continues to accrue after March 8, 2017 at the rate of 21% per annum, together with costs of these proceedings." In response to the petition, Mr. Edmondson filed an answer, reconventional demand against CHP, a cross-claim against Jeffrey Penn, both individually and as a member of Solomon's, and a third-party demand against Chanda Penn.

On January 13, 2020, the trial court granted Mr. Edmondson's motion to consolidate the cases and ruled as follows:

> **IT IS ORDERED** . . . that the matter '*Solomon's Real Estate, LLC v. Evan Edmondson*' Docket No. C-20161379-D, . . . and the matter '*CHP Lafayette Interests, LLC v. Solomon's Real Estate, LLC, et al*.' Docket No. C-20164619-D, also pending . . . be and are hereby both consolidated with the above captioned matter '*EVAN EDMONDSON, in his capacity as Member of Solomon's, LLC v JEFFERY M. PENN*, in his capacity as a Member of Solomon's, LLC, and CHANDA PENN*, individually' Docket No. C-20160598-G[.]

Once the cases were consolidated, the trial court held a hearing on June 1, 2020, on two motions for summary judgment filed by CHP as well as one motion for summary judgment filed by Jeffery and Chanda Penn. According to the record

2

before this court, CHP's motions for summary judgment sought relief as to two matters: (1) it sought a judgment against Mr. Edmondson on its deficiency judgment action; and (2) it sought a judgment dismissing a reconventional demand that Mr. Edmondson had filed against it. Jeffrey and Chanda Penn's motion for summary judgment sought dismissal of the suit filed by Mr. Edmondson that alleged they had breached fiduciary duties owed to him as a member of Solomon's.

Following the hearing, the trial court ruled as follows: "All right. I think that I would grant the motion for summary judgment for . . . CHP but deny the motion for Jeffrey and Chanda Penn, because I think there does exist a genuine issue of material fact as to where there was a breach of fiduciary duty." The trial judge further stated that "The Court will draw up the judgment, sign it, submit it to the Clerk. I'm not going to ask the parties to do it, because there's too much of a delay in the mail and the filing system here." However, the trial judge then reconsidered her position as to Chanda Penn and stated "I don't see what duty she owes or any evidence to suggest that she owed a duty. So, I'm going to let her out and grant the motion to her, and the two shareholders [Jeffrey Penn and Mr. Edmondson] can go at it at trial."

On June 2, 2020, counsel for CHP emailed a draft of a judgment on its main demand for a deficiency judgment against Mr. Edmondson to the trial court's chambers and copied all counsel of record. The email also included a cover page stating as follows:

> I understand that Judge Hulin is going to prepare the judgment because of issues with the pandemic. However, 1 thought it would be helpful to provide you with the draft that I had prepared for submission to Judge . . . back when I expected him to be deciding the case.

> Of course, you would also need to add language dismissing the Reconventional Demand filed by Edmondson. Also, I certainly wish to

3

have the Judge designate the judgment as a final judgment in view of the fact that there remain claims between Edmondson and Jeffery Penn. I would respectfully request that you would allow me the opportunity to review the Judgment before Judge Hulin renders it.

On June 3, 2020, the trial judge signed and emailed a judgment stating as follows, "the Motion for Summary Judgment filed on behalf of defendant, CHP Lafayette Interests, LLC, is granted in favor of defendant, CHP Lafayette Interests, LLC, and against plaintiff, Evan Edmondson, dismissing the claims of plaintiff, Evan Edmondson, against defendant CHP Lafayette Interests, LLC." On that same date, the trial judge signed and emailed a second judgment that stated as follows, "the Motion for Summary Judgment filed on behalf of defendant, Jeffrey M. Penn and Chanda Penn, is granted in part in favor of defendant, Chanda Penn, and against plaintiff Evan Edmondson, dismissing the claims of plaintiff, Evan Edmondson, against defendant Chanda Penn."

On July 1, 2020, the trial judge issued a third judgment that granted CHP's motion for summary judgment on its main demand for a deficiency judgment against Mr. Edmondson, ordering "that there be a judgment herein in favor of CHP LAFAYETTE INTERESTS, LLC against Evan Edmondson in the principal sum of $897,980.29, together with interest continuing to accrue thereon at the default rate of 21% per annum from March 8, 2017, together with all costs of these proceedings."

On August 7, 2020, Mr. Edmondson filed an amended notice of appeal regarding the granting of the motions for summary judgment arising from the hearing on June 1, 2020. On December 10, 2020, Mr. Edmondson filed a motion for nullity of the July 1, 2020 judgment, arguing that the trial court should "nullify Defendant's second Judgment signed on July 1, 2020[,] as improper, ex parte, and not the subject of the Motion for Summary Judgment heard on June 1, 2020."

4

On March 23, 2021, the trial court denied Mr. Edmondson's order of appeal. The trial judge stated that it had "granted the motion to appeal on July 20" but that it "granted a motion to dismiss that appeal for nonpayment of costs on December 14, 2021." The trial court further stated that the "amended motion to appeal and order filed August of 2020 was presented to the court on 3/23/21 by the clerk of court" but that the "clerk held the motion for nonpayment of costs."

On October 27, 2021, CHP filed a dilatory exception of unauthorized use of summary proceedings in response to Mr. Edmondson's motion for nullity, and argued that Mr. Edmondson was fully aware of the July 20, 2020 money judgment against him no later than August 7, 2020, since he attempted to appeal the judgment on two separate occasions but failed to post the appeal costs. Additionally, CHP argued that "it is clear that an action for nullity is a new cause of action which must be brought by the filing of an ordinary proceeding with a petition and citation."

On December 14, 2021, the trial court granted the exception of unauthorized use of summary proceeding and ordered that Mr. Edmondson "have 30 days to amend his petition or the action will be dismissed." Consequently, on January 5, 2022, Mr. Edmondson filed a petition for nullity. In response, on January 26, 2022, CHP filed an exception of peremption, which was overruled by the trial court on April 22, 2022. On September 9, 2024, CHP filed a motion for summary judgment, arguing that the uncontroverted evidence submitted at the June 1, 2020 hearing on CHP's original motion for summary judgment "was that after the Sheriff's Sale which had been conducted on March 8, 2017, whereat the property mortgaged in favor of CHP was sold for the sum of $800,500,00," and that after the payment of all costs and other credits due the Defendants, "the indebtedness remaining on the

5

Promissory Notes as of March 8, 2017[,] was the full sum of $897,980.29, together with interest continuing to accrue thereon at the default rate of 21% and all costs."

On November 7, 2024, the trial court granted CHP's motion for summary judgment and dismissed Mr. Edmondson's petition for nullity regarding the July 1, 2020 judgment. Mr. Edmondson now appeals, alleging the following six assignments of error:

1.      The District Court abused its discretion by granting a Motion for Summary Judgment in a matter, during the Covid Pandemic, that was not properly set for consideration by the Court at that time (as acknowledged by the Court).

2.      The District Court abused its discretion by granting a Motion for Summary Judgment not properly set for hearing, and not mandating the moving party to attach evidence to its Motion for consideration by the Court.

3.      The District Court abused its discretion by granting a Motion for Summary Judgment after being advised that a presented judgment was not only not set for hearing, but was submitted *ex parte* by CHP.

4.      The District Court abused its discretion by granting a Motion for Summary Judgment in a matter not set for hearing, allowing an *ex parte* judgment to be submitted by CHP, thereby violating its own Court ruling that the District Court would prepare all judgments arising from motions filed by the respective litigants.

5.      The District Court abused its discretion by granting a Motion for Summary Judgment in a matter not set for hearing, allowing an ex parte judgment to be submitted by CHP, violating its own Court ruling that the District Court would prepare all judgments arising from motions filed by the respective litigants, and failing to advise Appellant the Judgment would be signed.

6.      The District Court abused its discretion by signing an ex parte judgment arising from a matter that was not set for hearing, submitted in violation of the Court's ruling in the matter, and ignoring that final judgments submitted after a ruling must contain a Model Rule 9.5 certificate evidencing proof of circulation.

On July 10, 2025, CHP answered the appeal, alleging that the trial court committed legal error in overruling its peremptory exception of peremption that was

heard on April 11, 2022. CHP argues that Mr. Edmondson's "nullity petition demonstrates that his action is based upon alleged fraud and ill practices" and that the law "mandates that the nullity action be brought within one year of the discovery of the alleged fraud or ill practices."

**STANDARD OF REVIEW:**

The summary judgment procedure is expressly favored in the law and "is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). "Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Duncan v. U.S.A.A. Ins. Co.*, 06-363, p. 3 (La. 11/29/06), 950 So.2d 544, 547. After an adequate opportunity for discovery, "summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof on a motion for summary judgment rests with the mover. La.Code Civ.P. art. 966(D)(1). As further stated in La.Code Civ.P. art. 966(D)(1):

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Thus, the party opposing summary judgment must produce competent evidence setting "forth specific facts showing that there is a genuine issue for trial[;]" he cannot rely "on the mere allegations or denials of his pleading[.]" La.Code Civ.P. art. 967(B).

7

**DISCUSSION:**

Although Mr. Edmondson's assignments of error address the June 1, 2020 hearing and the judgment rendered on July 1, 2020, which granted CHP's motion for summary judgment against Mr. Edmondson in the principal sum of $897,980.29, together with interest and costs, we note that the judgment before this court involves a hearing held on October 12, 2024, and a ruling rendered on July 8, 2025,[1] which granted CHP's motion for summary judgment and dismissed Mr. Edmondson's petition to nullify the judgment rendered on July 1, 2020.

In Mr. Edmondson's petition for nullity and sanctions, he alleges as follows, in pertinent part:

<u>**COUNT I**</u>

20.    CHP submitted a Judgment against Edmon[d]son knowing the property had been sold continued to pursue Edmon[d]son to satisfy the deficiency on the property. There was no deficiency, but a surplus from the sale.

21.    This was done purposefully and with knowledge the Judgment submitted by CHP was not an amount owed.

22.    In his Memorandum in Opposition to Summary Judgment against CHP, Section 1, Edmon[d]son, in bold lettering, informed Edmonson does not owe $897,980.29. Edmonson also advised of the sale of the property by Charles H. Penn, a.k.a CHP.

23.    CHP knowingly submitted a false document into the public record.

24.    After the false judgment was signed, CHP actively used this Court and the judicial system to pursue and harass Edmon[d]son to serve him for a Judgment Debtor Rule.

25.    The Lafayette Sheriff's Department even contacted the undersigned to find Edmon[d]son's whereabouts.

---

[1] Although the amended judgment states that it was rendered on July 8, 2024, we find this to be a typo since the hearing was held on October 12, 2024, and the judgment was signed thereafter, in July 2025. It is also worth noting that the original judgment was signed on November 7, 2024; however, this court ordered that the original judgment be amended to include the proper decretal language.

8

## COUNT II

26.     CHP purposefully submitted the Judgement Ex Parte.

27.     Edmon[d]son, through undersigned counsel, never received a copy of the false judgment until it was signed and served.

28.     CHP violated Model Rule 9.5 as it did not provide Edmon[d]son, through undersigned counsel, a copy of proposed Judgment or certification that it had done so.

29.     Edmon[d]son suggests to this Court this was not a mistake, but calculated to harass Edmonson. Ofcourse [sic], in the zoom conference, Counsel for CHP informed the submission of the false document was not false, but simply 'semantics'.

CHP argued in its motion for summary judgment that there were no issues of fact before the court and that the trial judge "need only to consider whether it was appropriate for her to sign the judgment which she did sign, or whether she should have prepared a judgment from scratch." CHP attached the June 1, 2020 transcript of hearing where the court "ruled in favor of CHP on the Petition for Deficiency Judgment and, should it choose to vacate the judgment it has already signed, it will be incumbent upon the court to draft another judgment in conformity with its ruling." CHP argues that "[t]he uncontroverted evidence submitted at the original motion for summary judgment was that after the Sheriffs Sale . . . the indebtedness remaining on the Promissory Notes as of March 8, 2017 was . . . $897,980.29, together with interest . . . and all costs." In support of its motion, CHP attached, as exhibits, its motions for summary judgment, the June 1, 2020 hearing transcript, the two judgments rendered on June 3, 2020, the June 2, 2020 cover letter and draft judgment proposal, and the July 1, 2020 judgment.

In this case, the trial court gave thorough reasons for granting CHP's motion for summary judgment, which we find pertinent and worth reiterating (emphasis added):

Mover, CHP, argues that the company is entitled to a judgment as a matter of law in its favor and against respondent, dismissing the nullity action of the July 1, 2020, judgment with prejudice, based upon a finding of no inappropriate action on the part of the petitioner. Respondent contends CHP's improper actions arise to the level that the July 1, 2020, judgment should be nullified.

. . . .

Louisiana Code of Civil Procedure Art. 2001, et seq. provides the procedure on an action for nullity of a judgment. Article 2004 provides that a final judgment obtained by fraud or ill practice may be annulled if brought within one year of the discovery of the fraud or ill practices. **In order to nullify a judgment obtained by fraud or ill practices, a plaintiff must (1) demonstrate that he or she seeks to nullify a previously rendered final judgment, (2) prove that he or she raised the nullity in a direct action, not collaterally, (3) show that he or she brought the cause of action within one year of discovering the fraud or ill practices, and (4) show that the challenged judgment was obtained by fraud or ill practices[.]** LZM Properties, LLC v. Priv. Connection Prop lnc., 2023-0707 (La.App. 4 Cir. 4/25/24), 390 So.3d 861.

The transcript from the June 1, 2020, hearing indicates that the court inquired (with all counsel present) at the onset of the hearing as to which motions were to be heard. CHP replied and moved forward with two motions for summary judgment: one which concerned the reconventional demand and one for the main demand, the deficiency judgment action. No objection was made. CHP offered introduced and filed "affidavit with exhibits attached to the original motion for summary judgment, the supplemental motion; and the second motion." Again, no objection was made. Mover continued with argument for both a motion for summary judgment on the deficiency judgment action as well as the reconventional demand. Oral argument in support of the motions were made without any objection by opposing counsel. Edmonson submitted an opposition to both motions for summary judgment. The transcript is clear as the courts reasons for ruling and decision granting the motion for summary judgment in favor of Chuck Penn and CHP, dismissing the reconventional demand. However, the transcript does not provide reasons for ruling and a clear decision for granting the motion for summary judgment as to the main demand, the deficiency judgment action. The court filed judgments on all matters heard except for the motion for summary judgment concerning the deficiency action on June 3, 2020. The day before, CHP sent a letter with an example of a judgment on this remaining issue to the court's law clerk. All counsel of record were copied. Thereafter, the court rendered judgment on July 1, 2020, granting the motion for summary judgment in favor of CHP which awarded a principal sum, with interest,

and payment of court costs. No request for written reasons for ruling were submitted.

**While respondent argues the motion for summary judgment was improperly heard, this court does not agree. No evidence was submitted in support of this argument. The court inquired of all counsel which matters were to be heard at the onset of the docket. The only response was that from CHP. Respondent had ample opportunity to object before mover proceeded and thereafter. He failed to do so. All counsel had ample opportunity to brief the court, deliver oral arguments, and lodge any objections.**

**Respondent further argues that the letter containing the example judgment was ex parte and improper. However, the only evidence submitted to this court clearly shows all counsel of record were copied on this letter. There was a twenty-nine day delay before the judgment was signed by the court. The court did not receive any opposition from the respondent during this time. This court does not find any material evidence of inappropriate action on the part of CHP which would warrant a nullity of judgment. The motion for summary judgment is granted.**

Louisiana jurisprudence provides a two-part test to determine whether a judgment should be annulled pursuant to La.Code Civ.P. art. 2004: "(1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable." *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067, 1070 (La.1983). "Trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, to which discretion reviewing courts will defer." *Wright v. Louisiana Power & Light*, 06-1181, p. 12 (La. 3/9/07), 951 So. 2d 1058, 1067. "The decision regarding a petition to annul is reviewed by the courts of appeal to determine not whether the trial court's factual conclusions were right, but whether they were reasonable." *Mosing v. Miller*, 20-632, p. 4 (La.App. 3 Cir. 12/8/21), 332 So.3d 724, 728.

"An action for nullity based on fraud or ill practices necessarily requires an examination of the factual circumstances giving rise to the judgment at issue." *Nat'l*

*Union Fire Ins. Co. of Pittsburgh, Pa. v. Cagle*, 94-322, p. 6 (La.App. 3 Cir. 11/2/94), 649 So.2d 642, 647, *writs denied*, 94-2932, 94-3002 (La. 3/17/95), 651 So.2d 266. In conducting our de novo review of the June 1, 2020 transcript and evidence submitted in support of the CHP's motion for summary judgment, we too find Mr. Edmondson has failed to produce any evidence that the July 1, 2020 judgment was obtained through fraud or ill practice. As the trial judge stated in her reasons for judgment. "All counsel had ample opportunity to brief the court, deliver oral arguments, and lodge any objections[,]" and the court found no "material evidence of inappropriate action on the part of CHP which would warrant a nullity of judgment."

**DECREE:**

Because we find Mr. Edmondson failed to produce sufficient evidence to support his claim of fraud or ill practice in rendering the July 1, 2020, judgment, we hereby affirm the July 8, 2025 amended trial court judgment that granted CHP's motion for summary judgment and dismissed Mr. "Edmondson's Petition for Nullity concerning the July 1, 2020, judgment in the matter of *CHP Lafayette Interest, LLC vs. Evan Edmondson and Jeff Penn*, in docket number 2016-4619."[2] All costs of this appeal are assessed to appellant, Mr. Evan Edmondson.

**AFFIRMED.**

---

[2] Our resolution of this case pretermits discussion of Mr. Edmondson's specific assignments of error as well as CHP's answer to appeal.